## MATTER OF TALANOA*

### In Deportation Proceedings

### A-13550300

### *Decided by Board March 11, 1969*

(1) Respondent's motion for reconsideration of the denial of his section 245 adjustment of status application contending that a supervening event, namely, the amendment of section 212(a) (14) of the Immigration and Nationality Act by the Act of October 3, 1965 to require a labor certification, should not bar his adjustment at an earlier date (May 1965) when a visa was available, is denied since the case has been before the court on judicial review, the issue could have been raised at that time, and, under principles of *res judicata*, the judicial judgment is conclusive not only as to all issues actually litigated but also as to all issues which could have been raised.

(2) Respondent's section 245 application cannot be adjudicated *nunc pro tunc* as of a time (May 1965) when a visa was available and a labor certification was not required, since the Attorney General does not have statutory authority to act retroactively on a section 245 application nor to waive a visa and labor certification requirement.

CHARGE:

Order: Act of 1952—Section 241(a) (9) [8 U.S.C. 1251(a) (9)]—Nonimmigrant—failed to comply with conditions of status.

ON BEHALF OF RESPONDENT:
Donald L. Ungar, Esquire
517 Washington Street
San Francisco, Calif. 94111
(Brief filed)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
(Response submitted)

These proceedings are before us at this time upon motion by the respondent for reconsideration of our decision rendered on August 11, 1967 in which we dismissed his appeal from an order of the special inquiry officer denying his application for adjustment of status to that of a permanent resident under section 245 of the Immigration and Nationality Act.

The respondent entered the country at the age of 37, on Janu-

---

* Affirmed, 427 F.2d 1143 (1970).

ary 15, 1963, being then admitted as a nonimmigrant student. He never did attend school but was able shortly after entry to obtain permission from the Immigration and Naturalization Service to accept temporary employment, upon condition that he depart the country by March 6, 1964. The respondent never did leave and it is further noted that at the time he entered the country or shortly thereafter his wife and seven minor children also entered. On February 24, 1964, a deportation hearing was held and the special inquiry officer found that respondent was deportable as charged but granted his application for the privilege of voluntary departure. At that time an application filed by respondent for adjustment of status under section 245 was denied. The respondent concedes that he is deportable as charged and thus the question of his deportability is not before us at this time.

The respondent is a 42-year-old male alien, a native and citizen of Tonga. A chronological statement of his dealings with the Service is set forth in accurate detail in our last decision in this case, dated August 11, 1967, which has been designated as Interim Decision No. 1770. Also, the background of this case is set forth in great detail in *Talanoa v. INS.*, 397 F.2d 196, decided on June 21, 1968 by the United States Court of Appeals for the Ninth Circuit. It is thus not necessary for us in this opinion to restate the events which transpired since respondent's entry on January 15, 1963.

Counsel's principal contention in the instant motion is that, although he admits that the respondent has not obtained a labor certification and also admits that a visa number is not currently available to the respondent, this Board possesses discretionary powers to the extent of waiving this labor certification requirement and deciding the cause *nunc pro tunc* as of May, 1965 when a visa was available to this respondent and a labor certification was not required.

The factual situation is that the respondent filed an application for adjustment of status under section 245 in March 1965. In early May 1965, the Immigration and Naturalization Service requested from the Department of State that a visa number be made available, which it was. Then on May 10, 1965, the Service returned the several numbers that they had received to the State Department because there were no Tonga cases currently processed to the point of approval. The following month, in June 1965, a reopened hearing was held, and the decision of the special inquiry officer in this case was rendered on January 13, 1966. That decision held that because of the Act of October 3, 1965 (P.L.

162

89–236), effective December 1, 1965, it was necessary for the respondent to obtain a labor certification, which he did not have; and, also, that there was no nonpreference visa available at that time. Counsel contends that the respondent was unfairly treated and prejudiced by the fact that his application for a section 245 adjustment of status was not processed in May 1965, when a nonpreference visa was available to him and at which time he did not need a labor certification.

Early in 1968 the respondent filed a petition with the United States Court of Appeals for the Ninth Circuit to review the final order denying his application for status as a permanent resident. In the decision above cited the court affirmed this Board's holding that the Service was not estopped from applying the current Immigration and Nationality Act provisions requiring an employment certification in the case of an alien who is seeking status as a permanent resident, even though the Service had failed to conduct a hearing at the time when a visa was available to him; and that the Service had not led the alien to any course of action which he would not otherwise have taken or led him to change his situation in any way to his detriment. The court's decision clearly points out that the Service was not remiss or dilatory and did not act improperly; and that the respondent's rights were not prejudiced. That decision disposes conclusively of the question of whether the Service was estopped in any manner because of any delay or improper action. On principles of *res judicata*, that issue is no longer open to reexamination.

Counsel urges, however, that even in the absence of fault on the part of the Service, it should be required to apply the law in effect in May, 1965, when a visa was available. He argues that his client should not be prejudiced by a supervening event (enactment of the Act of October 3, 1965, P.L. 89–236), which was wholly unanticipated. By analogy, he calls attention to the case of *Pierno* v. *INS* (2 Cir., 1968), discussed below, in which a supervening event (death of the visa petitioner) was held not to bar relief. Even if the analogy were valid, however, this is an issue which could have been raised and adjudicated in respondent's prior action for judicial review, *Talanoa* v. *INS*, 397 F.2d 196 (9 Cir., 1968). Under familiar principles of *res judicata*, that judgment is conslusive not only as to all issues actually litigated but also as to all issues which could have been raised.

The next point raised by counsel is that the Attorney General has some type of discretionary power that would enable him to adjudicate this application under section 245 *nunc pro tunc* as of

163

the time when a visa was available and a labor certification not required, namely, in early May 1965. The Attorney General possesses no such power. Great reliance is placed by counsel on the case of *Pierno v. INS*, 397 F.2d 949 (2 Cir., 1968). There, the approval of a nonquota visa petition, filed by the United States citizen wife of an alien, was revoked by the Attorney General solely because the United States citizen spouse died prior to the issuance of the visa. In that case there had been a delay between the approval of the visa petition and the issuance of the visa because of an annulment suit that had been filed concerning the marriage in question, which suit was later found groundless and was so dismissed. The Court of Appeals sent the proceedings back to the Service for redetermination in light of all the evidence, holding that it should not have just automatically revoked the visa upon the death of the citizen spouse. The court pointed out that the Attorney General's power to revoke under the statute is discretionary. In the instant case there is no statutory authority giving the Attorney General the power to waive a visa and labor certification requirement.

In a rather similar case, *Stellas v. Esperdy*, 388 U.S. 462 (1967), a United States citizen wife withdrew her petition for a visa for her husband after the petition had been approved and the Attorney General then revoked the visa petition. The United States Supreme Court remanded the case for return to the Immigration and Naturalization Service for further administrative proceedings. There, again, the Attorney General did have the statutory authority as a matter of discretion either to revoke or not to revoke a visa under the circumstances. But in the instant case, we repeat, the Attorney General does not have any discretionary power to waive a visa requirement.

Counsel cites instances where the Attorney General has the right to grant *nunc pro tunc* waivers of excludability, and argues that this discretionary power should be carried over to the question of adjudging a section 245 adjustment of status *nunc pro tunc*. Counsel admits that the Attorney General does not have any specific authority to do this, however (Oral Argument, p. 2). The fact that the Attorney General can act retroactively under statutory authority in certain areas does not give him the power to do so in the instant case. Counsel's argument that the Attorney General has the obligation to act in a fair and equitable manner is a truism; but this does not enable him to act outside the scope of his statutory powers, even though such action might alleviate a hardship or prevent an unfair result. The Attorney General can-

not waive the statutory visa requirement just because a hardship can be found.

After a most careful study of the entire proceedings, we do not find any factors present which would warrant our certifying the case to the Attorney General for further review, as counsel has requested. His request will therefore be denied.

Accordingly, for the above-stated reasons, the respondent's motion for reconsideration will be denied.

**ORDER:** It is ordered that the motion for reconsideration be and the same is hereby denied.